## Case No. 7,951.

### KURTZ v. BECKER et al.

[5 Cranch, C. C. 671.] [1]

Circuit Court, District of Columbia. March Term, 1840.

PLEADING AT LAW — ACTION OF COVENANT — ACTION AGAINST TWO—NOL. PROS. AS TO ONE—JUDGMENT AGAINST OTHER.

In covenant against two, if one plead infancy, and it be found for him, the plaintiff may enter a nolle prosequi against him, and have judgment against the other.

[Cited in Mundy v. Stevens, 61 Fed. 86.]

Covenant, against John H. Becker and John Dove. Becker pleaded infancy, and the jury found a verdict for him upon that issue. The plaintiff [Peter Kurtz] entered a nolle prosequi as to him, and obtained a verdict against Dove.

Mr. Brent, for Dove, moved in arrest of judgment; and cited Green v. Charnock, Cro. Eliz. 762.

Mr. Bradley, for plaintiff, cited Minor v. Mechanics' Bank, 1 Pet. [26 U. S.] 73.

THE COURT (nem. con.) overruled the motion, and ordered the judgment to be entered up against Dove.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 7,952.

### KURTZ v. HOLLINGSHEAD.

[3 Cranch, C. C. 68.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

DEEDS—RECORDING LOST DEED—EFFECT OF LOSS OF DEED.

If a complainant in equity has lost his legal lien and priority, a court of equity will not set it up against other creditors equally meritorious.

This was a bill in equity [against Hollingshead's heirs and personal representatives] for the sale of real estate mortgaged in August, 1814, by Hollingshead to D. Kurtz, as trustee for the Bank of Columbia, by two deeds which were not recorded, and are now lost. Mr. Melvin, one of the defendants, who indorsed other notes of Hollingshead, objects to the complainant's claim of priority, or lien upon the land. The two deeds were in possession of the bank at the commencement of this suit, and the bill prayed that they might be recorded agreeably to the 11th section of the act of Maryland, 1785 (chapter 72), which also provides that such deed, so recorded, should not "in any manner affect the creditors of the party making such deed, who may trust such party after the date of the said deed." The bill also prayed that the mortgages might be foreclosed, and the property sold for the payment of the debt.

Before CRANCH, Chief Judge, and THRUSTON and MORSELL, Circuit Judges.

CRANCH, Chief Judge. The complainants are now seeking, in equity, to establish a legal priority. "Equity is equality." The equity of the other creditors is equal to that of the bank, and the bank has lost its legal priority. I think the bill must be dismissed, but without costs, as the deeds have been lost since the bill was filed.

MORSELL, Circuit Judge, doubted.

Bill dismissed.